

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
04/03/2013

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-50321 |
| VICTOR RAUL RODRIGUEZ; dba FULL THROTTLE TRUCKING, INC. | § § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

## MEMORANDUM OPINION

Before the Court for consideration is confirmation of the Debtor's proposed chapter 13 plan filed December 21, 2012. The sole remaining objection is that advocated by Capacity Solutions, LLC ("Capacity"). Capacity asserts that the Plan improperly classifies its claim and that the Plan therefore violates 11 U.S.C. §§ 1322 and 1325 and cannot be confirmed. For the reasons set forth below, the Court overrules Capacity's objection and confirms the Plan. A separate order will issue.

### Procedural Background

1. Mr. Rodriguez filed this chapter 13 case on December 21, 2012 [Docket No. 1]. Concurrent with the filing of the case, Mr. Rodriguez filed his proposed Uniform Plan and Motion for Valuation of Collateral (the "Plan") [Docket No. 2]. In paragraph 8 of the plan, Mr. Rodriguez listed a secured claim in favor of Capacity in the amount of $17,814. Capacity's claim is secured by two 2006 Freightliner Columbia tractors which Mr. Rodriguez asserts have an aggregate value of $34,000. Mr. Rodriguez proposes to pay Capacity's claim with interest at 3.00% per annum over the first 50 months of the Plan.

2. On January 22, 2013, Capacity filed an objection to the Debtor's Plan [Docket No. 21]. In its objection, Capacity asserts that its relationship with Mr. Rodriguez is that of a lessor and not a secured lender. Capacity further asserts that Mr. Rodriguez must assume the lease in accordance with 11 U.S.C. § 365, cure the arrears of approximately $9,300 and timely tender the remaining ongoing monthly lease payments if he wishes to keep the two vehicles. In response, Mr. Rodriguez asserts that the lease agreement between the parties is actually a "disguised security interest." As such, Mr. Rodriguez asserts that its treatment of Capacity's claim under the Plan is proper under 11 U.S.C. § 1325(a)(5).

3. The Court held a hearing to consider confirmation of the Plan on March 8, 2013. At the hearing, both Mr. Rodriguez and Capacity acknowledged that if the relationship between the parties was that of lessor-lessee, the Plan fails. On the otherhand, if the relationship between the parties was that of lender-borrower, the Plan may be confirmed.

4. At the confirmation hearing, Mr. Rodriguez testified in support of the Plan. In addition to his testimony, the Court received into evidence a copy of (i) the "Non Maintenance

Equipment Lease" executed by the parties (the "Lease"); and (ii) a cashier's check in the amount of $24,000 from Mr. Rodriguez to Texas Truck Sales.  Capacity limited its evidentiary presentation to the cross-examination of Mr. Rodriguez.

### The Lease

5.   The Lease is dated August 12, 2011 and has a term of 30 months.  The equipment covered by the Lease are two 2006 Freightliner Columbia tractors (the "Trucks").  The monthly lease payment on the Trucks is $2,320 with no initial security deposit.  The Lease also requires a $24,000 "cap reduction" at the inception of the Lease.

6.   Under the Lease, Mr. Rodriguez agreed to accept the Trucks "as is, where is" with no warranty of any kind.  The Lease also provides that Mr. Rodriguez will (i) provide comprehensive, commercial automobile, workers' compensation and cargo insurance; (ii) perform all maintenance required to keep the Trucks in good working order; (iii) pay all taxes attributable to the Trucks; and (iv) obtain all required permits and licenses.

7.   The Lease further provides for a purchase option at the expiration date of the Lease on the condition that Mr. Rodriguez have previously tendered all required payments.  The option price is $6,600.  Mr. Rodriguez testified without challenge that the value of the Trucks at the end of the Lease is estimated to be $12,000-$13,000.

8.   The parties agree that the Lease is governed by California law.

9.   From its review of the Lease, the Court finds of particular interest the last sentence of the last page.  The sentence reads as follows.  "Please contact us if you have any questions regarding these docs, since the deal cannot be **funded** if any of the above is missing." (emphasis added).  One of the "above" items is a "copy of title (if not buying from Calfund)."

### The Check

10.   The second exhibit offered by the Debtor is a cashier's check dated August 12, 2011 payable to Texas Truck Sales in the amount of $24,000.  The notation on the check reads, "[d]own payment on trucks."

11.   Neither party adduced any evidence regarding the relationship between Capacity and Texas Truck Sales.  The Court therefore presumes that no relationship exists.

### Analysis

12.   The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334.  The confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).  The Court has constitutional authority to enter a final order.

13.   Under California law, "[w]hether a transaction in the form of a lease creates a 'security interest' is determined pursuant to Section 1203." CAL. COM. CODE § 1201(b)(35)

(West 2013). Section 1203 provides that "[w]hether a transaction in the form of a lease creates a lease or security interest is determined by the facts of each case." Cal. Com. Code § 1203(a) (West 2013). "A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee, and: … (4) the lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement." Cal. Com. Code § 1203(b) (West 2013). "Additional consideration is nominal if it is less than the lessee's reasonably predictable cost of performing under the lease agreement if the option is not exercised." Cal. Com. Code § 1203(d) (West 2013).

14.     Under the guidelines established by the California legislature, the transaction between the parties creates a security interest. The Debtor is obligated to make 30 monthly payments of $2,320 and has the option to purchase the Trucks at the end of the term for a nominal payment of $6,600—less than 50% of the estimate fair market value of the Trucks at the end of the term. The Court further finds within the confines of Section 1203, the ability to apply common sense to the transaction. While the record could certainly be more complete, it is abundantly clear to the Court that the Debtor delivered a down payment to a third party vendor and financed the balance of the purchase price through the "lease" transaction with Capacity. Capacity's own statements regarding the "funding" of the transaction and requiring the Debtor to deliver a copy of the title further the Court's common sense notion that if it "walks like duck, it must be a duck."

15.     Consequently, the Court finds that the Debtor's classification of Capacity's claim in its Plan as a secured claim[1] is proper. The Debtor has satisfied the requirements of 11 U.S.C. § 1325 and the Debtor's Plan is confirmed. A separate order will issue.

**SIGNED: April 3, 2013.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

---

[1] The Court was presented with no evidence regarding whether Capacity's secured claim was perfected prior to the bankruptcy filing. The Court reserves this issue for a future hearing should an appropriate challenge be made.